FILED

2009 Oct-29  AM 11:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PETER REED**, | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 09-BE-1298-S** |
| | ) | |
| **METLIFE GROUP, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

This matter is before the court on "Motion to Dismiss by MetLife Group, Inc." (doc. 6).

For the reasons stated below, the court will GRANT the MetLife Group, Inc. Defendants' motion

to dismiss (doc. 6).

## I.  FACTS

Plaintiff, Peter Reed, was employed by ADAC Laboratories a/ka/a Philips Medical

Systems, Inc. a/k/a Philips Electronics North America Corporation ("Philips") as a Territory

Manager until May 28, 2003. Philips created and continues to hold a Long-Term Disability Plan.

The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. §§ 1001-1461.  As a Philips employee, Plaintiff participated in the Plan.  MetLife is the

Plan's claim administrator and insures the benefits.

The Plan details the time frame in which a claimant may bring a lawsuit against MetLife.

First, the proof of Disability must be filed "within 3 months after the end of [the] Elimination

Period."  (doc. 6-2, p. 26).  Second, the Elimination Period begins the day the claimant becomes

disabled and lasts for 180 days.  (doc. 6-2, pp. 9, 13).  Finally, the Plan states that "no legal

action of any kind may be filed against [MetLife] . . . more than three years after proof of

Disability must be filed." (doc. 6-2, p. 28).  In sum, the Plan states that any claim for denial of

initial benefits against MetLife must be brought before expiration of three months, 180 days, and

three years (roughly a total of forty-five months) from the date the disability began.

Plaintiff alleged his disability began on May 29, 2003.  On December 30, 2003, Plaintiff's

claim for disability benefits was denied. (doc. 6-3, p. 2). On May 26, 2004, MetLife received the

Plaintiff's request for an appeal. (doc. 6-3, p. 3).  On July 7, 2004, MetLife denied Plaintiff's

appeal. (doc. 6-3).  On March 12, 2009, Plaintiff made a final request to MetLife to have his

medical records reviewed and claim reviewed.  On July 2, 2009, Plaintiff filed this lawsuit

against MetLife.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint.

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short

and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which its rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957)

(quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule

8 generally does not require "detailed factual allegations*." Bell Atl. Corp v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).  "[O]nce a claim has been stated adequately, it

may be supported by showing any set of facts consistent with the allegations in the complaint."

*Twombly*, 127 S. Ct. at 1969.  "[S]tating such a claim requires a complaint with enough factual

matter (taken as true) to suggest" the required elements.  *Id.* at 1965.

In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in

the complaint are true, *United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all

factual allegations in the light most favorable to the plaintiff.  *Brower v. County of Inyo*, 489 U.S.

593, 598 (1989).  In other words, "[o]n a motion to dismiss, the facts stated in the . . . complaint and all reasonable inferences therefrom are taken as true." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (citing *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990)).  Nevertheless, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 268 (1986).

### III. DISCUSSION

The MetLife Defendants move to dismiss the complaint, claiming the contractual time limitations of the Plan bar the Plaintiff's action.  This court agrees and finds this action to be untimely.

The Eleventh Circuit has adopted the rule that "contractual limitations periods on ERISA actions are enforceable, regardless of state law, provided they are reasonable." *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998); *accord Smith v. Cont'l Cas. Co.*, 616 F. Supp. 2d 1286, 1301 (N.D. Ga. 2007);  *Rozier v. Aetna Life Ins. Co.*, 2007 WL 891514, *4 (M.D. Ga. 2007); *Hembree v. Provident Life & Accid. Ins. Co.*, 127 F. Supp. 2d. 1265, 1269 (N.D. Ga. 2000).  In *Northlake*, the Eleventh Circuit choose to follow *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 860, 874 (7th Cir. 1997). *Northlake*, 160 F.3d at 1301.

In *Doe*, the court stated: "[t]he dominant view in contract law is that contractual limitations periods shorter than the statute of limitations are permissible, provided they are reasonable." *Doe*, 112 F.3d at 874.  The court in *Doe* made clear that shortened limitations periods apply specifically to insurance contracts and are "consistent with the principle of party autonomy that underlies the law of contracts, and . . . it should be applicable to ERISA plans."

*Id.* Accordingly, the Eleventh Circuit in *Northlake* explained that "[a]n ERISA plan is nothing more than a contract, in which parties as a general rule are free to include whatever limitations they desire" and that "[c]hoosing which state statute to borrow is unnecessary, however, where the parties have contractually agreed upon a limitations period." *Northlake*, 160 F.3d at 1303.

Numerous courts have addressed the issue of whether shortened contractual limitations periods are reasonable or not.  In *Northlake*, the Eleventh Circuit held that a 90-day contractual limitations period was reasonable under the circumstances of that particular case.  *Northlake*, 160 F.3d at 1302.  Additionally, the district court in *Hembree*, 127 F. Supp. 2d at 1269, found that a three-year contractual statute of limitations is reasonable and enforceable.  *Accord Blaske v. UNUM Life Ins. Co.*, 131 F.3d 763 (8th Cir. 1997) (affirming district court's determination that a three-year contractual statute of limitations was reasonable); *Ingram v. Travelers Ins. Co.*, 897 F. Supp. 1160, 1165 (N.D. Ind. 1995), *aff'd*, 78 F.3d 586 (7th Cir. 1996) (holding a three year contractual limitation period was a reasonable time to contest the denial of his claim).  In the present case, Plaintiff had three years to file a lawsuit after his appeal was denied.  This limitation is reasonable.

The MetLife defendants also argue that tolling the contractual limitations period until Plaintiff has exhausted all his administrative remedies would modify the terms of the Plan.  The Supreme Court recently held that a claim under ERISA "stands or falls by 'the terms of the plan.'" *Kennedy v. Plan Admin. for DuPont Sav. & Inv. Plan*, ___ U.S. ___, 129 S. Ct. 865, 875 (2009) (quoting *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001), which was quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 9 (1987)).  The Supreme Court has also stated that ERISA's statutory scheme "is built around reliance on the face of written plan documents." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995). In the present case, the contractual

limitations period began to run on May 29, 2003, the date that there was "proof of Disability." The Plan specifically identifies this particular date as the date from which the limitations period begins to run.  Including a tolling requirement until Plaintiff exhausted all of his administrative remedies would re-interpret the plain language meaning of the Plan's documents.

Plaintiff's alleged disability began on May 29, 2003. The Elimination Period began the day Plaintiff became disabled and lasted for 180 days.  (doc. 6-2, pp. 9, 13). Therefore the end of the elimination period was November, 25, 2003 (181 days after May 29, 2003).  The proof of Disability must be filed "within 3 months after the end of [the] Elimination Period."  (doc. 6-2, p. 26).  Accordingly, Plaintiff was required to file his proof of Disability by February 25, 2004 (three months after the end of his elimination period).  Finally, the Plan states that "no legal action of any kind may be filed against [MetLife] . . . more than three years after proof of Disability must be filed." (doc. 6-2, p. 28).  As such, Plaintiff's lawsuit must have been filed on or before February 25, 2007.  Plaintiff filed his lawsuit on July 2, 2009.  The contractual limitation period in the Plan was reasonable.  Therefore, Plaintiff's action is untimely and is due to be dismissed.

The court will enter a separate Order to that effect.

DONE and ORDERED this the 29th day of October 2009.


_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE